

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 30,

Hon. J. Franklin Spears
Senate Chamber
Austin, Texas

Dear Senator:

Opinion No. O-610
Re: Committee substitute for
Senate Bill 386 violates
Article 1 Section 10
state constitution

Your request enclosing committee substitute for Senate
Bill No. 386 is received. You request opinion as to whether
or not this measure is constitutional.

Article 1 Section 10 Constitution of Texas, among other
things, provides:

"In all criminal prosecutions the accused
shall have a speedy public trial by an impartial
jury. He shall have the right to demand the na-
ture and cause of the accusation against him, and
to have a copy thereof. He shall not be compell-
ed to give evidence against himself."

Article 1 Section 19 of the Constitution of Texas pro-
vides:

"No citizen of this state shall be deprived
of life, liberty, property, privileges or immuni-
ties or in any manner disfranchised except by the
due course of the law of the land."

Amendment 5 to the United States constitution provides
that no person shall be compelled in any criminal case to be
a witness against himself. Senate Bill No. 386 amends Artic-
le 10 of the Code of Criminal Procedure so as to read as foll-

"Any defendant in a criminal action shall be permitted, but shall not be compelled, to testify in his own behalf therein, but it shall not be error for the jury in their deliberation to comment on or discuss the fact that the defendant failed to testify."

Article 710 of the Code of Criminal Procedure now reads:

"Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause."

The authority most nearly in point is State vs. Wolfe, 255 N. W., 118 (opinion by the Supreme Court of South Dakota). The South Dakota constitution provides that:

"No person shall be compelled in any criminal case to give evidence against himself."

Prior to 1927 the South Dakota code provided:

"In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of any crime before any court or committing magistrate the person charged shall, at his own request but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him."

In 1927 the Legislature of South Dakota amended the code so as to read:

"In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of any crime before any court or committing magistrate the person charged shall, at his own request but not otherwise, be a competent witness and his failure to testify in his own behalf is hereby declared to be a proper subject of comment by the prosecuting attorney."

The court in discussing the question says:

"So far as we have been able to discover, South Dakota is the only state having a constitutional provision against self-incrimination that has undertaken, solely by legislative act, to authorize comment on the defendant's failure to testify. A similar legislative attempt in Louisiana failed of passage. The successful attempt to change the rule in Ohio and the unsuccessful attempts to change it in New York and Michigan were all three by constitutional amendment. See 31 Mich. Law Rev. 40 (1932).

"The United States and forty-six of the forty-eight states have provisions in their Constitutions against self-incrimination. New Jersey and Iowa having no such constitutional provisions. See article by Mr. Reeder, 31 Mich. Law Rev. 40. It is indeed a singular fact that South Dakota alone has by legislative enactment attempted to authorize comment on the accused's failure to testify in the teeth of its constitutional provision against self-incrimination.

"We are of the view that the Legislature was without authority, by legislative enactment, to permit comment on the defendant's failure to testify in a criminal case; and that so much of chapter 93 of the Laws of 1927 as purports to permit such comment is not binding upon the judiciary of the state.

"It may be that the right to comment upon the failure of the accused to exercise his right to become a witness in his own behalf should be conferred upon prosecutors as a matter of public policy; but if prosecutors are to have such right it must be conferred upon them by constitutional amendment. As stated by this court in State ex rel. Peach v. Sly, supra; 'But if such a change in the organic structure and underlying theory of our system of criminal law is to be made, it must be made by the people by constitutional amendment, and, until the Constitutions are changed, it cannot and must not be made by legislative enactment or judicial interpretation.'

"This court is committed to the rule that constitutional rights may be indirectly invaded as effectively as if directly transgressed. State ex rel. Poach v. Sly, Supra.

"If we place our stamp of approval upon the procedure adopted in this case we are writing law that will compel every defendant in a criminal case to take the witness stand and testify and thereby subject his whole life's record to the most relentless cross-examination, or face the alternative of having the prosecutor, in the most violent manner, parade before the jury the claimed fact that the defendant is guilty because he chose to stand upon his constitutional rights; and especially is this most prejudicial where, as in this case, by inference at least, the trial court placed his stamp of approval upon the statements of the prosecutor. The practical situation established by the record before us is substantially this: The appellant availed himself of his constitutional right not to testify. The state's attorney said he did not testify because he was guilty and knew it. The special prosecutor told the jury that by not testifying the appellant admitted his guilt. The trial court backed up the special prosecutor by stating, in the presence of the jury, that the false records were admittedly in the handwriting of the appellant.

"The appellant's constitutional rights were invaded, for which a new trial must be granted. * *"

In Petite vs. People, 9 Pac. 622, 8 Colo. 518, the court said:

"If silence is to be taken as evidence of guilt, defendant's option is but little avail; he is practically forced to testify, and once upon that stand may be required to give the very testimony upon which his conviction shall rest."

In re Nachman, 114 Fed. 995 discusses the federal co tutional provision against self-incrimination and says:

"This constitutional provision, which has long been regarded as one of the safeguards of

civil liberty, should be applied in a broad
spirit, to secure to the citizen immunity
from every kind of self-accusation. A liter-
al construction would deprive it of its effi-
cacy* * * No act of Congress can deprive a
citizen of the privilege afforded by the con-
stitution."

We are of the opinion that Senate Bill No. 386 compel
the defendant to testify, or else the very fact that he fail
to testify is to be considered as evidence against him, and
is therefore unconstitutional.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

A. S. Rollins
Assistant

ASR-MR

APPROVED:

FIRST ASSISTANT ATTORNEY GENERAL